FILED
2007 Mar-27 PM 01:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES DILLMAN; BARBARA DILLMAN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CV 04-B-0333-S ) |
| BAPTIST HEALTH SYSTEMS, INC., d/b/a Baptist Medical Center-Montclair; CARDIO-THORACIC SURGEONS, P.C.; C. DUANE RANDLEMAN, JR.; A N E S T H E S I O L O G I S T S ASSOCIATED, P.C.; JOHN CHARLES SPIVAK; DIANNE BARNARD, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This case is presently pending before the court on defendants' Joint Motion to Exclude Testimony of Freddie Johnson, Ph.D., and Kathy Smith, R.N., (doc. 61);[1] defendants' Joint Motion to Exclude Testimony of Dr. Jennifer Doble, (doc. 65); Motion for Summary Judgment, (doc. 74), and Motion to Exclude Expert Testimony, (doc. 75), filed by defendants John Charles Spivak and Anesthesiologists Associated, P.C. ["AAPC"]; and Motion for Partial Summary Judgment, (doc. 77), filed by defendant Dianne Barnard. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, defendants' Joint Motion to Exclude Testimony of Freddie Johnson, Ph.D., and

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Kathy Smith, R.N., (doc. 61), will be granted; defendants' Joint Motion to Exclude Testimony of Dr. Jennifer Doble, (doc. 65), will be granted in part and denied in part; Dr. Spivak and AAPC's Motion for Summary Judgment and Motion to Exclude Expert Testimony, (docs. 74 and 75), will be denied; and Dr. Barnard's Motion for Partial Summary Judgment, (doc. 77), will be granted.

## MOTIONS TO EXCLUDE

### A. MOTION TO EXCLUDE TESTIMONY OF DR. SCOTT REEVES

Defendants Dr. Spivak and AAPC contend that the testimony of plaintiffs' expert, Scott Townsend Reeves, M.D., is due to be excluded because of "plaintiffs' lack of diligence in complying with the Scheduling Order." (Doc. 75 at 2.) Specifically, they contend that, because plaintiffs did not send any information to Dr. Reeves until after the deadline for disclosing experts, plaintiffs cannot show "good cause" for extending that deadline. (*Id*. at 3; doc. 75-1 at 4.) Pursuant to the court's Scheduling Order, plaintiffs were required to designate their experts by December 1, 2004. Plaintiffs did not provide defendants with Dr. Reeves's expert report until July 2005, after defendants had timely filed a Motion for Summary Judgment. (Doc. 42 at 2.)

On August 31, 2005, this court held a hearing on Dr. Spivak and AAPC's first motion to exclude Dr. Reeves's testimony. (*See* doc. 75-4.) At this hearing, the court told the parties that it was going to extend the discovery deadlines, including the deadline for disclosing experts. Specifically, the court found that, although plaintiffs had not shown good cause, it

2

would allow plaintiffs to use experts they had designated before the date of the hearing, August 31, 2005, even if those experts were disclosed after the Scheduling Order deadline of December 1, 2004.  (*Id*. at 25-26.)  Thereafter, the court entered an order extending the deadline for defendants to disclose experts and for the parties to conduct limited discovery. (Doc. 58.)

Rule 26(a)(2) provides that disclosure of "the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence," and the expert's "written report" of his or her opinion[2] "shall be made at the times and in the sequence directed by the court."  Fed. R. Civ. P. 26(a)(2)(A)-(C).

> The importance of observing deadlines contained in scheduling orders is recognized in Rule 16(b), where it is provided that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ."  The Advisory Committee notes to Rule 16 point out that "***The court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension***."  This comment was approved by the Eleventh Circuit Court of Appeals in the case of *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998), where in the analogous context of considering an untimely motion to amend

---

[2]The written report shall contain –

all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).

3

>   the complaint within the time set in the scheduling order, the court, in affirming the enforcement of scheduling order deadlines, said: "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"

*White v. Volvo Trucks of North America, Inc.*, 211 F.R.D. 668, 669-70 (M.D. Ala. 2002).

As the court noted at the August 2005 hearing, plaintiffs did not show "good cause" for extending the deadline for disclosure of Dr. Reeves as an expert witness. The failure to timely disclose an expert should result in exclusion of the expert's testimony unless the non-disclosing party can show "substantial justification" for the failure to disclose or that the failure to disclose was harmless. *See* Fed. R. Civ. P. 37(c)(1) ("A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.") "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). In this case, plaintiffs, as the non-disclosing parties, bear the burden of establishing that their failure to disclose was substantially justified or harmless. *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006)(citations omitted). In addition, pursuant to Rule 16(b), they must show good cause for an extension.

Plaintiffs did not provide Dr. Reeves with any information necessary to prepare his expert report until *after* the deadline for plaintiffs to disclose their experts. Only after defendants Dr. Spivak and AAPC timely filed their Motion for Summary Judgment did

4

plaintiffs file an Affidavit from Dr. Reeves in opposition to defendants' Motion for Summary Judgment. Thus, the identity of plaintiffs' expert was not disclosed until *seven months* past the deadline for doing so. As defendants correctly argued in both their first Motion to Exclude and in their current Motion, plaintiffs have offered no evidence that the expert report of Dr. Reeves could not be provided within the time set by the court's Rule 16(b) Scheduling Order.

At the August 2005 hearing, plaintiffs argued that they needed defendant Dr. Barnard's deposition, which was not taken until after the deadline, before Dr. Reeves could prepare his report. However, when Dr. Reeves submitted his report, it indicated that he had not relied on Dr. Barnard's deposition, but had relied only on evidence available to plaintiffs before the December 1, 2004, deadline. The court found that plaintiffs had not shown good cause for extending the deadline for disclosing experts; at the time, however, the court chose to allow plaintiffs to use experts previously designated, to allow defendants additional time to designate expert witnesses, and to allow the parties additional time to conduct limited discovery. Plaintiffs were limited to experts properly disclosed to defendants before the August 2005 hearing; nevertheless, after the hearing, plaintiffs disclosed additional expert witnesses, to which defendants have objected.

The court finds that Dr. Reeves's testimony should have been excluded and that the court erred in denying defendants' first Motion to Exclude. Plaintiffs failed to show that they had good cause for extending the deadline for disclosing their expert witnesses – that is,

5

plaintiffs did not show that they could not have met the deadline for disclosing expert witnesses despite their diligence. Also, in response to defendants' renewed Motion to Exclude Expert Testimony and their Motion for Summary Judgment, they failed to offer any justification for their failure to timely disclose or any evidence that such failure was harmless. Moreover, the court finds that plaintiffs have continued to flaunt the court's deadlines by designating additional experts after the August 2005 hearing.

As noted above, Rule 16(b) provides, "A schedule ***shall not*** be modified ***except upon a showing of good cause*** . . . ." Fed. R. Civ. P. 16(b) (emphasis added). Eleventh Circuit case law has interpreted this language to preclude modification of a scheduling order "unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)(quoting Fed. R. Civ. P. 16 Advisory Committee's Note and citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Nevertheless, the court finds that it would possibly be an abuse of this court's discretion to disallow Dr. Reeve's testimony ***at this stage of the case*** as such would result in dismissal of plaintiffs' claims against Dr. Spivak and AAPC. (*See* doc. 82 at 10; doc. 87 at 1-2.) This is an extreme sanction that the court finds is not warranted at this time based on the extension of the deadline for defendants' designation of their experts and the extension of the deadline for completing discovery. *See McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)("[T]he severe sanction of dismissal – with prejudice or the equivalent thereof – should be imposed only in the face of a clear record of

delay or contumacious conduct by the plaintiff. Moreover, such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable. A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum be based on evidence of willful delay; simple negligence does not warrant dismissal.")(internal quotations and citations omitted).

Following the August 2005 hearing, the court extended the deadline for completing discovery and extended the deadline for defendants to designate expert witnesses, in the event, as noted at the August 2005 hearing, defendants needed an additional expert to rebut the testimony of Dr. Reeves. Although the Motion to Exclude should have been granted initially, and defendants are definitely harmed in the sense that Dr. Reeves's testimony presents a genuine issue for trial, the court feels that, having extended the deadlines following the August 2005 hearing, it would be an abuse of discretion at this point to exclude Dr. Reeves's testimony. Therefore, Dr. Spivak and AAPC's Motion to Exclude Expert Testimony, (doc. 75), will be denied.[3]

However, both Rule 16(f) and Rule 37(c) – in addition to or in lieu of other sanctions – require the court to award reasonable expenses, including attorneys' fees, incurred because

---

[3] The court notes that an appellate court may very well find that – due to the mandatory language of Rule 16(b) and the case law interpreting the rule, as applied to the facts of this case – the court may be abusing its discretion to permit Dr. Reeves to testify for plaintiff, even at this juncture in the case.

of failure to comply with the court's Scheduling Order, Rule 16(f),[4] and because of failure to timely disclose expert witnesses, Rule 37(c)(1).[5]  Therefore, the court will award defendants their reasonable expenses, including attorneys' fees, incurred as a result of plaintiffs' failure to comply with the Scheduling Order and failure to timely disclose Dr. Reeves as an expert witness.  These expenses shall include defendants' expenses incurred as a result of filing their first Motion for Summary Judgment, (doc. 28), and their first Motion

---

[4]Rule 16(f) states:

If a party or party's attorney fails to obey a scheduling or pretrial order . . ., the judge . . . may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).  In lieu of or in addition to any other sanction, the judge ***shall require*** the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(emphasis added).

[5]Rule 37(c)(1) states:

A party that without substantial justification fails to disclose information required by Rule 26(a) . . ., is not, unless such failure is harmless, permitted to use as evidence . . . any witness . . . not so disclosed.  In addition to or in lieu of this sanction, the court . . . may impose other appropriate sanctions.  In addition to ***requiring payment of reasonable expenses, including attorney's fees***, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1)(emphasis added).

to Exclude Dr. Reeves's testimony, (doc. 42).[6] The award shall be made against plaintiffs' attorneys as it appears they were solely responsible.

**B. MOTIONS TO EXCLUDE TESTIMONY OF FREDDIE JOHNSON, PH.D.; KATHY SMITH, R.N.**

In February 2006, plaintiffs identified Freddie Johnson, Ph.D., and Kathy Smith, R.N., as experts regarding plaintiffs' damages in this case. The deadline for plaintiffs to disclose their experts was December 1, 2004; however, at the August 31, 2005, hearing the court stated that it would allow plaintiffs to rely upon expert witnesses disclosed as of the date of the hearing. The court was clear that plaintiffs were limited to the experts that they had designated before August 31, 2005:

> MR. ROGERS [Counsel for defendants Dr. Spivak and AAPC]: Can I ask a question, and that is are the plaintiffs now limited to the experts that they've designated? Are we looking at giving them further time?
>
> THE COURT: No, they're limited to the experts they've designated.
>
> MR. ROGERS: Then we have the opportunity though, once we've taken their depositions, to designate experts in response?
>
> THE COURT: Right.

---

[6]Although defendants cited new evidence in their second Motion to Exclude, (doc. 75), the court has chosen, in its discretion, not to award additional expenses incurred as a result of the filing of defendants Spivak and AAPC's second Motion for Summary Judgment and Motion to Exclude.

9

(Doc. 75-4 at 27-28.) Despite this clear directive, plaintiffs designated additional experts in February 2006.[7] Defendants contend that Johnson and Smith, identified as expert witnesses in February 2006, are due to be excluded. In response, plaintiffs contend that because Smith and Johnson are not liability experts, the deadlines in the Scheduling Order do not apply to their disclosure. The court disagrees.

Rule 26(a)(2) makes no distinction between expert testimony regarding liability issues and expert testimony regarding damage issues. Therefore, the court rejects plaintiffs' attempt to justify their failure to disclose expert witnesses Johnson and Smith based on such a distinction, and it finds that their failure to disclose Johnson and Smith was not justified.

Plaintiffs have not shown that their failure to disclose Johnson and Smith was harmless. Therefore, pursuant to Fed. R. 16(f) and Fed. R. Civ. P. 37(c)(1), the Joint Motion to Exclude Testimony of Freddie Johnson, Ph.D., and Kathy Smith, R.N., (doc. 61), is due to granted. The court will exclude the testimony of Johnson and Smith and will award defendants their reasonable expenses incurred as a result of the filing the Joint Motion to Exclude Testimony of Freddie Johnson, Ph.D., and Kathy Smith, R.N. (Doc. 61.) The award shall be made against plaintiffs' attorneys as it appears they were solely responsible.

---

[7]The court's second Scheduling Order, entered September 2, 2005, (doc. 58), did not designate a date for plaintiffs to disclose expert witnesses because the court had informed counsel on the record that plaintiffs were limited to the experts they had designated prior to the August 31, 2005 hearing. The Order provided that all depositions of plaintiffs' expert witnesses would be concluded by March 31, 2006; thereafter, it established a deadline for defendants to designate any additional experts needed to respond to plaintiffs' expert witnesses' testimony.

### C. MOTION TO EXCLUDE TESTIMONY OF DR. JENNIFER DOBLE

Defendants contend:

Plaintiff's counsel has noticed the deposition of Dr. Jennifer Doble for March 30, 2006, in Ann Arbor, Michigan. Dr. Doble was represented to be a treating physician, but upon inquiry by defense counsel, Plaintiff's counsel has stated that her only records are those of another physician ("BrainTrainers") and medical records submitted by Plaintiff's counsel to this doctor.

This implies to counsel for the Defendants that Dr. Doble is not a treating medical physician who is being called to render opinions about her personal observations and treatment of the Plaintiff, but rather is a retained expert witness who bases her opinion on medical records and opinions of others. This would place Dr. Doble in the category of an expert witness under the Federal Rules of Procedure.

(Doc. 65 ¶¶ 1-2.) In response, plaintiffs argue that Doble has treated Charles Dillman on several occasions and that Doble was "identified" in the early stages of this litigation. Specifically, plaintiffs contend:

The areas of expected testimony by Dr. Doble are her knowledge of Charles Dillman before his injury, the nature and extent of his injury, the usual course of recovery, and the limits thereto of patients with injuries such as Charles Dillman, and Charles Dillman's progress.

In paragraph 5 of Defendants' motion, they assert that Dr. Doble "is a late identification of another expert witness beyond the time allowed by the Court's Scheduling Order . . . ." Such is not the case. Dr. Jennifer Doble was disclosed early on in this case, and her identity has been known for quite some time. In fact, Dr. Jennifer Doble was mentioned at the Show Cause Hearing held in this case on August 31, 2005. An Affidavit of Dr. Doble was filed in connection with the Summary Judgments that were then pending. Dr. Doble was identified and discussed in Duane Randleman's deposition taken November 24, 2004; Dr. Doble was identified in answers to Defendant Baptist Medical Center's First Interrogatories, No. 13 in June 2004. Thus, it is readily evident, that the Defendants have been aware of Dr. Doble and some connection to this case since the early stages of the case.

11

(Doc. 67 ¶¶ 4-5.)

The issue before the court is not whether defendants were *aware* of Dr. Doble at some earlier point in this case, but whether she is an expert witness, who, if not designated as such by August 31, 2005, is due to be excluded. The court notes that the testimony of treating physicians concerning the care and treatment of their patients is not considered testimony of a retained expert. "The approach taken by a majority of courts when determining whether to require treating physicians to provide Rule 26(a)(2)(B) reports is that the plaintiff [cannot] avoid the requirements of Rule 26 by simply indicating that her experts are plaintiffs' treating physician[s]. Rule 26 focuses not on the status of the witness, but rather the substance of the testimony." *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 696-97 (N.D. Ga. 2006)(quoting *Brown v. Best Foods*, 169 F.R.D. 385, 388 (N.D. Ala. 1996))(internal quotations omitted).

To the extent that plaintiffs intended to introduce Doble's expert opinions at trial, they were required to disclose to defendants, by December 1, 2004, Doble's expert report containing the information identified in Fed. R. Civ. P. 26(a)(2)(B), and not just her name. At the August 31, 2005, hearing, the court stated that it would allow plaintiffs to use any experts that had been designated by that date.[8] Because such a written report was not disclosed by either deadline, the court will grant defendants' Motion to Exclude Doble's expert opinion testimony, (doc. 65); however, the Motion to Exclude will be denied as to

---

[8]As set forth above, the court finds that plaintiffs failed to show good cause for designation of experts past the deadline set forth in the court's Scheduling Order.

Doble's testimony as a fact witness concerning her diagnosis and treatment of Charles Dillman.

## MOTIONS FOR SUMMARY JUDGMENT

**A. SUMMARY JUDGMENT STANDARD**

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met his burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in his favor.

*See id.* at 255. Nevertheless, the non-moving party need not be given the benefit of every inference but only of every *reasonable* inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

### B. MOTION FOR PARTIAL SUMMARY JUDGMENT – DIANNE BARNARD

Defendant Dr. Barnard asks the court to dismiss Count III of plaintiffs' Complaint, which alleges that Dr. Barnard "failed to obtain proper informed consent for the procedure made the basis of this action."[9] (Doc. 78 at 1.) She contends that Count III is due to be dismissed because, "The Plaintiffs have presented no expert testimony from any 'similarly situated health care provider' to support the allegations set forth in Count III." (*Id*. at 3.) Plaintiffs did not file a response to Dr. Barnard's Motion for Partial Summary Judgment and, through counsel, have informed the court that they do not oppose dismissal of Count III of their Complaint.

Because plaintiffs have filed nothing in opposition to Dr. Barnard's Motion for Partial Summary Judgment, the court need only determine if she has shown that there is no disputed issue of material fact and that she is entitled to judgment as a matter of law. *See Coats & Clark*, 929 F.2d at 608.

In Alabama –

> The plaintiff in a medical-malpractice action must prove by substantial evidence that the defendant health-care provider "failed to exercise such

---

[9]The court notes that Count I of plaintiffs' Complaint alleges a cause of action against Dr. Barnard. (Doc. 1 at ¶ 10.)

14

> reasonable care, skill, and diligence as other similarly situated health care providers in the same general line of practice ordinarily have and exercise in a like case." § 6-5-548(a), Ala. Code 1975. To meet this burden, a plaintiff ordinarily must present expert medical testimony; however such expert testimony is allowed only from a "similarly situated health care provider." See § 6-5-548(e), Ala. Code 1975; *Leonard v. Providence Hosp.*, 590 So. 2d 906 (Ala. 1991).

*Holcomb v. Carraway*, 945 So.2d 1009, 1012 (Ala. 2006). Expert testimony is necessary in cases alleging a lack of informed consent "to establish adherence to or deviation from the proper standard of care." *Horton v. Shelby Medical Center*, 562 So. 2d 127, 130 (Ala. 1989).

In this case, Dr. Barnard has testified that she did not deviate from the proper standard of care. (Doc. 30 at 6.) Plaintiffs have not submitted expert testimony to the contrary. Therefore, the court finds that Dr. Barnard has shown that there are no disputed issues of fact and that she is entitled to judgment as a matter of law as to Count III of plaintiffs' Complaint. Dr. Barnard's Motion for Partial Summary Judgment, (doc. 77), will be granted.

## C.   MOTION FOR SUMMARY JUDGMENT – DR. SPIVAK AND ANESTHESIOLOGISTS ASSOCIATED, P.C.

Defendants Dr. Spivak and AAPC stipulate that their Motion for Summary Judgment is due to be denied if the court denied their Motion to Exclude. (Doc. 87 at 1-2 ["Without agreeing to plaintiffs' characterizations of the evidence, Dr. Spivak and AAPC stipulate that summary judgment would not be appropriate if the Court allows the testimony of the plaintiffs' expert Dr. Reeves."].) For the reasons set forth above, the court will deny defendants' Motion to Exclude Dr. Reeves's Testimony, (doc. 75). Because Dr. Reeves's

testimony presents a genuine issue of fact for trial, Dr. Spivak and AAPC's Motion for Summary Judgment, (doc. 74), will be denied.

## CONCLUSION

For the foregoing reasons, defendants' Joint Motion to Exclude Testimony of Freddie Johnson, Ph. D., and Kathy Smith, R.N., (doc. 61), will be granted, and the court will exclude such testimony from consideration in this matter. Defendants' Joint Motion to Exclude the Testimony of Dr. Jennifer Doble, (doc. 65), will be granted in part and denied in part; to the extent plaintiffs intend to offer Doble as an expert witness, such testimony will be excluded from consideration in this matter. Dr. Spivak and AAPC's Motion to Exclude Expert Testimony, (doc. 75), will be denied.

Based on the foregoing, the court is of the opinion that there are no material facts in dispute and that defendant Dr. Barnard is entitled to partial judgment as a matter of law. An Order granting her Motion for Partial Summary Judgment, (doc. 77), and dismissing Count III of plaintiffs' Complaint against Dr. Barnard will be entered contemporaneously with this Memorandum Opinion. Also, the court finds that there are material facts in dispute and, therefore, defendants Dr. Spivak and AAPC's Motion for Summary Judgment will be denied.

The court will award defendants their reasonable expenses, including attorneys fees, as set forth above. An Order in accordance with the Memorandum Opinion will be entered contemporaneously herewith.

**DONE**, this the 27th day of March, 2007.

/s/ Sharon Lovelace Blackburn
_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE